STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. Bar No. 226402)
Assistant United States Attorney
Chief, OCDETF Section
ELIZABETH R. YANG (Cal. Bar No. 196461)
Assistant United States Attorney
Chief, Violent & Organized Crime Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:    (213) 894-2170/1785
        Facsimile:    (213) 894-0142/3713
        E-mail:    kevin.lally@usdoj.gov
                   elizabeth.yang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 10-952-CAS |
|---|---|
| Plaintiff, | [PROPOSED] ORDER (1) APPOINTING COUNSEL FOR THE LIMITED PURPOSE OF STIPULATING TO REDUCE DEFENDANT'S SENTENCE OF IMPRISONMENT BASED ON SENTENCING GUIDELINES AMENDMENT 782 AND (2) REDUCING DEFENDANT'S SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| KYLE CARRIERE, | |
| Defendant. | |

The Court has considered the stipulation of the parties to (1) appoint the Office of the Federal Public Defender to represent defendant for the limited purpose of stipulating to reduce defendant's sentence of imprisonment based on Sentencing Guidelines Amendment 782 ("Amendment 782") and (2) to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

For good cause shown, the Court appoints the Office of the Federal Public Defender to represent defendant for the limited

purpose of stipulating to reduce defendant's sentence based on Amendment 782 and for no other purpose.

Having considered the eligibility criteria for such a sentence reduction, as well as "the factors set forth in 18 U.S.C. § 3553(a)," "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and the "post-sentencing conduct of . . . defendant," USSG § 1B1.10, comment. (n.1(B)(i)-(iii)), the Court also finds good cause to reduce defendant's sentence of imprisonment.

Accordingly, effective November 1, 2015, defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) is reduced to 87 months of imprisonment.  If the amount of time defendant has served as of November 1, 2015, exceeds the reduced sentence stated in this Order, defendant's sentence is instead reduced to a sentence of time served as of November 1, 2015.[*]  All other provisions of the last judgment issued shall remain in effect.

IT IS SO ORDERED.

April 10, 2015
DATE

_Christina A. Snyder_
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[*] "[T]he prerogative to grant credits [and calculate time served] in the first instance rests with the Attorney General, acting through the Bureau of Prisons." United States v. Peters, 470 F.3d 907, 909 (9th Cir. 2006).  But despite this Court's "lack of authority to calculate . . . time served, a district court does have authority to sentence a defendant to time served" -- or in this instance to order a defendant's sentence reduced to time served should the Bureau of Prisons' calculations require such an adjustment.  Id. at 909 n.1.